[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 INTRODUCTION
In CR 98-0530866 (Information #1) Lois Stevenson, the defendant, is charged with three counts of Larceny in the First Degree violation of C.G.S. 53a-122 (a)(2) alleged to have occurred on or about May 15, 1996, October 11, 1996, and June 10, 1997, respectively.
In CR 99-0531947 (Information #2) Lois Stevenson, the defendant, is charged with three counts of Larceny in the First Degree in violation of C.G.S. 53a-122 (a)(2), alleged to have occurred on or about November 14, 1996, December 4, 1996 and September 20, 1996, respectively.
The state moves to join these two criminal informations into one trial pursuant to P.B. § 41-19. The defendant objects to the joinder. The court grants the state's motion and orders joinder of both informations into one trial.
 FACTS
From a review of the arrest warrant applications, the court finds the CT Page 820 following facts.
That the alleged victim relevant to all counts in both informations is the Hartford Neighborhood Centers (HNC). HNC is a community based non-profit social service organization.
All counts in both informations concern work and/or services that was contracted to be performed at Camp Hi-Hoti, a 294 acre summer camp with locations in both Hebron and Andover, Connecticut. Camp Hi-Hoti (hereinafter Camp), is owned and operated by HNC.
Mrs. Lois Stevenson (defendant) was, at all times relevant to both informations, a chairperson in charge of the Capitol Improvement Fund at HNC. The defendant's responsibilities included identifying needed renovations at the Camp, acceptance of contract proposals for work to be performed at the Camp and disbursement of payments for work performed relevant to the design and/or improvements at the Camp.
The State further alleges relevant to all counts of each information that the defendant entered into these contracts, on behalf of HNC with Barry Alexander, DBA Alexander Construction and Development Concepts (Alexander) for the purpose of defrauding HNC of monies.
Information #1 alleges three contracts entered into by the defendant and Alexander relevant to 1) the construction of an amphitheater at the Camp; 2) "the development of land surveys to include topographical and aerial surveys of the Camp", and 3) the "construction of a new bath house at the site of the new swimming pool" at the Camp.
Information #2 alleges additional contracts entered into by the defendant and Alexander relevant to architectural and engineering designs for the Camp. A November 4, 1996, contract requires the following work at the Camp: "identifying location for new swimming pool, bath house and tennis courts; design pool area and bath houses; identify area for caretakers house; work with engineer and environmentalist to identify safe farm area for trees and gravel; design caretakers house."
In a second proposal relevant to Information #2 dated December 4, 1996, the contract calls for additional work at the Camp: "structural engineering of site; development of engineering plans for pool design; work with civil engineer and architect of new in ground pool and bath house design."
In an additional proposal relevant to Information #2 dated September 20, 1996 (sic), the contract calls for "completed phase two engineering for the study and design of plans and drawings for pool site drainage CT Page 821 system; includes five sets of drawings and specifications for bid process" at the Camp.
 ISSUE
The issue presented is whether a substantial injustice would result to the defendant if the motion to consolidate is granted. The court is compelled to answer the inquiry in the negative.
 DISCUSSION
A defendant in a criminal prosecution does not have an absolute or constitutional right per se to severance or to a separate trial. Statev. McLucas, 172 Conn. 542, 561, cert. denied, 434 U.S. 855 (1977). Therefore, the question of severance of counts in a criminal information or of separate trials, is within the sound discretion of the trial court. In making this determination, the court must balance the considerations of economy and expedition in judicial administration against the defendant's right to a fair trial devoid of substantial injustice. See State v. Schroff, 198 Conn. 405, 408-10 (1986).
Particular weight should be given to expediting trial proceedings and economy of judicial resources when a substantial part of the same facts must be proved to two different factfinders or juries if separate trials are ordered. See Richardson v. Marsh, 481 U.S. 200, 210 (1987). Moreover, joint trials are the rule and separate trials the exception.State v. Haskins, 188 Conn. 432, 449-50. The Supreme Court has consistently recognized a "clear . . . presumption . . . in favor of joinder and against severance." State v. Chance, 236 Conn. 31, 38
(1996).
In the defendant's objection to joinder he relies on State v.Boscarino, 204 Conn. 714 in support of the proposition that "(i)n cases where the offenses are factually similar but legally unconnected, the risk that the jury will be persuaded by the sum of the evidence rather than the individual case is `greatly enhanced.'" (Emphasis added). InBoscarino the State conceded that the evidence of each offense would not have been admissible at the trial of the others if the charges had been tried separately. See State v. Pollitt, 205 Conn. 61, 71 n. 4.
The instant case is clearly distinguishable from Boscarino. In Statev. Pollitt, Id. 68, the court held that "(w)here evidence of one incident can be admitted at the trial of the other, separate trials would provide the defendant no significant benefit. It is clear that, under such circumstances, the defendant would not ordinarily be substantially prejudiced by joinder of the offenses for a single trial." (Emphasis in CT Page 822 original).
Although evidence of other crimes or uncharged conduct is not admissible to show bad character or a disposition to commit a crime, such evidence is admissible to show such issues as common scheme, intent, identity, motive or opportunity. (Citations omitted). of course, this evidence must be relevant and material to an element of the crime and its probative value must outweigh its prejudicial effect. State v. Greene,209 Conn. 458, 64-65.
The state is not obliged to present evidence of [crime] in a vacuum; a description of the area where it occurred, the persons present and the activity in progress at the time of a [crime] are not irrelevant to the matter in issue. State v. Jenkins, 24 Conn. App. 330, 335 (1991). Furthermore, evidence of uncharged misconduct may come into evidence to complete the story of the crime on trial by placing it in the context of nearby and nearly contemporaneous happenings. Id. 336.
More importantly, for our purposes, the court finds that the respective informations herein, and the factual basis of each, are legallyconnected: evidence related to each of the informations are admissible in the other.
In the instant case it is clear to this court that the misconduct alleged in information #2 can be admitted in the State's case in chief in the trial of information #1 relevant to the proffered issues of intent, identity and demonstrating a common scheme of criminal activity. The information that provides the factual basis for the charges in information #2 concerns the same participants (Stevenson and Alexander), the same alleged victim (HNC), the same alleged scheme (to contract and disburse funds for work not performed) relevant to work and/or improvements to be done at the same entity (Camp Hi-Hoti) and the alleged happening relevant to the factual basis for information #2 are alleged to have occurred within the same time frame specified in information #1. The factual basis relevant to information #2 serves to compliment and expand upon the factual basis of information #1 and "complete the picture" that serves as the basis of the allegations in information #1. In other words, the misconduct or other crimes alleged in information #2 is relevant and material to the crimes alleged in information #1 and admissible in the trial on information #1.
Having determined that the proffered evidence that serves as a basis for information #2 is admissible in the trial in information #1, the court must next consider whether the probative value of the evidence proffered outweighs its prejudicial impact. CT Page 823
A separate trial should be granted only when a joint trial will likely result in a substantial injustice or prejudice to the rights of the defendant. See State v. Smith, 201 Conn. 659, 669 (1986). Substantial prejudice means something more than a joint trial will be less than advantageous to the defendant.
Evidence is not prejudicial . . . merely because it tends to incriminate a defendant. See State v. DeMatteo, 186 Conn. 696, 702-03. The prejudicial effect that the rules of evidence are designed to alleviate is that which "results from an aspect of the evidence other than its tendency to make the existence of a material fact more or less probative, e. g., that aspect of the evidence which makes conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to her guilt or innocence of the crimes charged. U.S. v. Bailleaux, 685 F.2d 1105, 1111 (9th Cir. 1982) Statev. Joly, 219 Conn. 234, 253. Evidence is prejudicial when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence. State v.Baldwin, 224 Conn. 347, 357, citing U.S. v. Figueroa, 618 F.2d 934, 943
(2nd Cir. 1980). Evidence that is prejudicial should not be confused with evidence that is merely damaging. Prejudicial evidence is that which may unduly arouse the jury's emotions of prejudice, hostility or sympathy. State v. Wilson, 180 Conn. 481, 490. Prejudice is not measured by the significance of the evidence which is relevant but by the impact of that which is extraneous, State v. Jenkins, supra, 337.
In assessing prejudice, a reviewing court should consider factors such as "(1) whether the charges involved `discrete, easily distinguishable factual scenarios'; (2) whether the crimes were of a `violent nature' or concerned `brutal or shocking conduct' on the defendant's part; and (3) the duration and complexity of the trial. State v. Horne, 215 Conn. 538,547 (1990). The court finds that the charges in the aggregate (both informations) involved discrete, easily distinguishable factual scenarios; none of the allegations are of a brutal or shocking nature; the trial of both informations may add minimally to the duration of the trial but not to the extent would broach upon considerations of prejudice.
There is nothing in the State's proffer relevant to the factual basis for information #2 that is of a prejudicial nature. The probative value of the proffer exceeds any prejudicial effect.
It is noteworthy that the State, in the aggregate, is charging the same crime (larceny in the first degree, a violation of C.G.S. 53a-122) and the same statutory subsection ((a)(2)). There is nothing in the CT Page 824 informations that is of such complexity that it would lend to juror confusion. This is a case that alleges contracts entered into with the fraudulent intent to deprive an owner of monies. The charges, in and of themselves, are more complicated by their very nature, than a simple, straight forward murder, robbery or burglary case. It is for this reason that the court has scrutinized both informations with care.
Accordingly, the State is ordered to present the evidence at trial relevant to the three counts of larceny one in information #1 and the three counts of larceny one in information #2 in such a manner in order to minimize any potential juror confusion and in order to enable the jury to consider the evidence relevant to each charge separately and distinctly.
The defendant further claims that the State's Motion to Joinder is not timely. The defendant, pursuant to Practice Book § 41-3 and § 41-5, claims the motion should be made not later than ten days after the first pre-trial conference.
The court is also aware that Practice Book § 41-9 provides for the judicial authority to order that two or more informations be tried together. The oral motion for joinder was made, followed by a written motion, when the court made inquiry of the State. Had the State not so moved, the court, upon review of the issues, would have ordered the joinder. The court is satisfied due to the nature of the information that the joinder does neither prejudice the defendant nor deny her adequate time to prepare.
Although it is the state's burden of going forward relevant to its request for joinder, the defendant must show that denial of severance will result in substantial prejudice that could not be cured by instructions to the jury. No such showing has been made.
The Motion for Joinder is GRANTED.
 ___________________, J. Miano